MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
David J. Rashé, Bar No. 318400
david.rashe@morganlewis.com
600 Anton Boulevard
Suite 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700

Attorneys for Defendant
FASTAFF, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA THOMPSON and PENELOPE PANKEY, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FASTAFF, LLC; and DOES 1 through 50, inclusive,<br><br>        Defendant. | Case No. 2:22-cv-03584-SVW-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FASTAFF, LLC'S MOTION TO DISMISS PLAINTIFFS' OPERATIVE COMPLAINT AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**<br><br>Date:         August 22, 2022<br>Time:         1:30 p.m.<br>Courtroom:  10A<br><br>Judge Stephen W. Wilson<br><br>Complaint Filed:   March 2, 2022<br>FAC Filed:           April 19, 2022<br>Removal Date:     May 25, 2022<br>Trial Date:          None Set |

# Table of Contents

Page

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND AND SUMMARY OF CONCLUSORY ALLEGATIONS.................... 2

III.    LEGAL STANDARDS ........................................................................................ 5

        A.      Rule 12(b)(6) Motion to Dismiss a Wage and Hour Claim..................................... 5

        B.      Rule 12(f) Motion to Strike ...................................................................... 7

IV.     ARGUMENT ...................................................................................................... 8

        A.      Plaintiffs' FAC Fails to Plead Sufficient Facts to State a Plausible Claim for Unpaid Minimum and Overtime Wages........................... 8

        B.      The Court Should Dismiss Plaintiffs' Fourth and Fifth Causes of Action Because They Fail to Plausibly Plead a Single Meal or Rest Break Violation ....... 11

        C.      The Court Should Dismiss Plaintiffs' Sixth Cause of Action for Wage Statement Violations ...................................... 12

        D.      The Court Should Dismiss Plaintiffs' Claim for Waiting Time Penalties ............. 14

        E.      The Court Should Dismiss Plaintiffs' Seventh Claim for Failure to Reimburse Expenses ...................................... 15

        F.      The Court Should Dismiss Plaintiffs' First Claim for Violation of the Unfair Competition Law Because The FAC Does Not Plead, and Cannot Plead, that They Lack an Adequate Remedy at Law ............................ 16

        G.      This Court Should Dismiss or Strike Plaintiffs' Class Claims Because They Plead No Factual Allegations That Plausibly Suggest They Are Similarly Situated to Others ...................................... 20

        H.      Plaintiffs' Requests for Injunctive Relief and Non-Restitutionary Disgorgement Must Be Stricken From the FAC ............................ 23

V.      CONCLUSION ................................................................................................ 25

DB2/ 43286079.5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Adams v. Starbucks Corp.*,
  2020 WL 4196248 (C.D. Cal. July 9, 2020) ...........................................................25

*Alvarado v. Wal-mart Assocs., Inc.*,
  2020 WL 6526372 (C.D. Cal. Aug. 7, 2020) ..............................................19, 20, 22

*Apodaca v. Costco Wholesale Corp.*,
  675 Fed. Appx. 663 (9th Cir. 2017) (unpublished) ................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................5, 20

*Barranco v. 3D Sys. Corp.*,
  952 F.3d 1122 (9th Cir. 2020) ..............................................................................17

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................5, 6, 20

*Boian v. Schneider Logistics Transloading and Distrib., Inc.*,
  2020 WL 5356707 (C.D. Cal. May 28, 2020)..........................................................10

*Boyack v. Regis Corp.*,
  812 Fed. Appx. 428 (9th Cir. 2020) (unpublished) ........................................*passim*

*Bush v. Vaco Tech. Servs., LLC*,
  2019 WL 3290654 (N.D. Cal. July 22, 2019) ....................................20, 22, 23

*Byrd v. Masonite Corp.*,
  2016 WL 756523 (C.D. Cal. Feb. 26, 2016) ...................................................8, 22

*Colopy v. Uber Techs. Inc.*,
  2020 WL 3544982 (N.D. Cal. June 30, 2020)..........................................................15

*Cortez v. Purolator Air Filtration Prod. Co.*,
  23 Cal. 4th 163 (2000)...........................................................................................17

*Cortez v. United Nat. Foods, Inc.*,
  2019 WL 955001 (N.D. Cal. Feb. 27, 2019) ..........................................................10

*Dawson v. Hitco Carbon Composites, Inc.*,
  2017 WL 7806358 (C.D. Cal. May 5, 2017)....................................................11, 12

*Dodd-Owens v. Kyphon, Inc.*,
  2007 WL 3010560 (N.D. Cal. Oct. 12, 2007) .......................................................23

*Durham v. Autism Spectrum Therapies, LLC*,
  2019 WL 10097456 (C.D. Cal. Oct. 31, 2019) ................................................11, 14

*Edwards v. Oportun, Inc.*,
   193 F. Supp. 3d 1096 (N.D. Cal. 2016)...................................................................8

*Elizabeth M. Byrnes, Inc. v. Fountainhead Com. Cap., LLC*,
   2021 WL 5507225 (C.D. Cal. Nov. 24, 2021) ........................................................18

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011)...................................................................................24

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994) .................7

*Fenton v. McLane/Suneast, Inc.*,
   2016 WL 11746002 ..................................................................................................7

*Flores v. Starwood Hotels & Resorts Worldwide, Inc.*,
   2015 WL 12912337 (C.D. Cal. Mar. 16, 2015) ...........................................22, 23

*Franckowiak v. Scenario Cockram USA, Inc.*,
   2020 WL 9071697 (C.D. Cal. Nov. 30, 2020) ......................................................19

*Gordon v. Aerotek, Inc.*,
   2017 WL 8217410 (C.D. Cal. Oct. 12, 2017) .......................................................24

*Hangarter v. Provident Life and Acc. Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) ..................................................................................24

*Herrera v. Zumiez, Inc.*,
   953 F.3d 1063 (9th Cir. 2020) ...............................................................................16

*Hovsepian v. Apple, Inc.*,
   2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ........................................................8

*Johnson v. WinCo Foods*,
   --- F.4th ----, 2022 WL 2112792 (9th Cir. 2022) ................................................10

*Johnson v. Winco Foods, LLC*,
   2018 WL 6017012 (C.D. Cal. Apr. 2, 2018).........................................................12

*Jue v. Costco Wholesale Corp.*,
   2010 WL 889284 (N.D. Cal. Mar. 11, 2010) .......................................................20

*Kabasele v. Ulta Salon, Cosms. & Fragrance, Inc.*,
   2022 WL 229856 (E.D. Cal. Jan. 26, 2022) .........................................................15

*Kendall v. Visa U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008) ...............................................................................19

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003)...............................................................................17, 25

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTIONS TO DISMISS AND STRIKE

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2014) ..................................................................*passim*

*Leitzbach v. Atlas Van Lines, Inc.*,
    2017 WL 11617904 (C.D. Cal. Feb. 22, 2017) ........................................ 7

*In re MacBook Keyboard Litig.*,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ........................................ 20

*Maldonado v. Epsilon Plastics, Inc.*,
    22 Cal. App. 5th 1308 (2018) ................................................................ 13

*Martinez v. Hub Grp. Trucking, Inc.*,
    2021 WL 937671 (C.D. Cal. Jan. 11, 2021) .......................................... 19

*McMillian v. Overton Sec. Servs., Inc.*,
    2017 WL 4150906 (N.D. Cal. Sept. 19, 2017) ...................................... 10

*Mendez v. H.J. Heinz Co., L.P.*,
    2012 WL 12888526 (C.D. Cal. Nov. 13, 2012) .................................... 22

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ................................................................ 6

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*,
    436 F. Supp. 2d 1095 (C.D. Cal. 2006) ................................................. 8

*Mish v. Fastaff, Inc.*,
    2021 WL 4592124 (N.D. Cal. Oct. 6, 2021) .............................. 18, 20, 21

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) .................................................................. 5

*Ovieda v. Sodexo Operations, LLC*,
    2012 WL 1627237 (C.D. Cal. May 7, 2012) ........................................ 22

*Ozeran v. Jacobs*,
    798 Fed. Appx. 120 (9th Cir. 2020) ...................................................... 25

*Perez v. Performance Food Grp., Inc.*,
    2016 WL 1161508 (N.D. Cal. Mar. 23, 2016) ...................................... 15

*Price v. Starbucks Corp.*,
    192 Cal. App. 4th 1136 (2011) .............................................................. 13

*Ramirez v. C and J Well Serv., Inc.*,
    2020 WL 5846464 (C.D. Cal. Mar. 27, 2020) ...................................... 11

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ................................................................ 19

*Ritenour v. Carrington Mortg. Servs. LLC*,
    228 F. Supp. 3d 1025 (C.D. Cal. 2017) ................................................................ 14

*Sanchez v. Sams West, Inc.*,
    2021 WL 8531592 (C.D. Cal. Dec. 23, 2021) (Wilson, J.) ................................. 9, 18

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................................... 8

*Sonner v. Premier Nutrition Corporation*,
    971 F.3d 834 (9th Cir. 2020) ..................................................................... 1, 17, 18

*Sprewell v. Fed. Express Corp.*,
    2021 WL 4706983 (C.D. Cal. Aug. 5, 2021) (Wilson, J.) ...................................... 16

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ................................................................................ 6

*Stokes v. CitiMortgage, Inc.*,
    2015 WL 709201 ..................................................................................................... 8

*Suarez v. Bank of Am. Corp.*,
    2018 WL 2431473 (N.D. Cal. May 30, 2018) ................................................. 12, 14

*W. Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) .................................................................................. 6

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ......................................................................................... 24

*Wood v. N. Am. Van Lines, Inc.*,
    2021 WL 3134203 (C.D. Cal. July 23, 2021) ........................................................ 7

*Zamora v. Penske Truck Leasing Co., L.P.*,
    2020 WL 4748460 (C.D. Cal. Aug. 17, 2020) .................................................... 6, 7

*In re ZF-TRW Airbag Control Units Prods. Liability Litig.*,
    2022 WL 522484 (C.D. Cal. Feb. 9, 2022) .......................................................... 17

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................. 1, 2
Cal. Labor Code § 201 ................................................................................................ 2
Cal. Labor Code § 203 ........................................................................................... 2, 14
Cal. Labor Code § 226 ........................................................................................... 2, 13
Cal. Labor Code § 510 ................................................................................................ 2
Cal. Labor Code § 512 ................................................................................................ 2
Cal. Labor Code § 246 .............................................................................................. 15
Cal. Labor Code § 1194 .............................................................................................. 2
Cal. Labor Code § 1197 .............................................................................................. 2
Cal. Labor Code § 2802 ......................................................................................... 2, 16

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTIONS TO DISMISS AND STRIKE
DB2/ 43286079.5

## I.      __INTRODUCTION__

Based on deficient boilerplate allegations rather than pleading factual matter sufficient to support their claims, Plaintiffs Angela Thompson and Penelope Pankey (collectively, "Plaintiffs") bring this employment wage and hour class action against their alleged former employer Fastaff, LLC ("Fastaff").  They assert a variety of conclusory wage and hour claims on behalf of themselves and a putative class and subclass of non-exempt Fastaff employees in California.  The First Amended Complaint is so devoid of facts that one can (and Plaintiffs' counsel in fact does in other complaints) replace "DEFENDANT" with the name of any employer: "_____ required PLAINTIFFS and CALIFORNIA CLASS Members to work without paying them for all the time they were under _____'s control."  *See* FAC ¶ 8.[1]  Where, like here, this allegation (and the rest of the First Amended Complaint) lacks any factual matter and contains only conclusions, federal courts routinely find that such allegations require dismissal under the *Twombly/Iqbal* standard.

The Court should therefore dismiss Plaintiffs' operative First Amended Complaint because it fails to state sufficient factual allegations to state any of its eight causes of action.  The Ninth Circuit's decisions in *Sonner* and *Landers* require this result. First, under *Sonner*, Plaintiffs' First Cause of Action for violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.* fails to state a claim because, even at the pleading stage, Plaintiffs fail to establish that they lack an adequate remedy at law.  Plaintiffs cannot cure this deficiency because their UCL claim is based entirely on the identical wage and hour violations

---

[1] Indeed, Plaintiffs' counsel recently filed a complaint with this identical allegation in a nearly identical putative class action complaint against another employer alleged to be a truckload freight carrier, and thus in an entirely different industry with entirely different worksites, non-exempt positions and job duties than Fastaff, a nursing staffing company.  *See* Request for Judicial Notice, Ex. A, ¶¶ 2, 8. That complaint contains many of the exact same or similar allegations as those in Plaintiffs' First Amended Complaint.

1    for which there is a legal remedy alleged in Plaintiffs' other causes of action.

2    Second, under *Landers*, Plaintiffs' Second through Eighth Causes of Action for

3    alleged Labor Code violations fail because they are not supported by any factual,

4    non-conclusory allegations.

5         Finally, the Court should strike Plaintiffs' class claims and requests for

6    injunctive relief and non-restitutionary disgorgement.  There are no facts in the First

7    Amended Complaint making it plausible that Plaintiffs would satisfy the typicality,

8    commonality or predominance requirements of Federal Rule of Civil Procedure 23 as

9    to a class of all non-exempt Fastaff employees in California or any subclass of those

10   employees.  Plaintiffs also lack standing to pursue injunctive relief because, as

11   alleged, they are former employees who have not worked for Fastaff since 2021.

12   Additionally, non-restitutionary disgorgement is not recoverable under the UCL.

13   Accordingly, the Court should strike this material from the First Amended

14   Complaint and in the Prayer for Relief.

15   **II.    BACKGROUND AND SUMMARY OF CONCLUSORY**
16           **ALLEGATIONS**

17        On March 2, 2022, Plaintiffs filed their Complaint in Los Angeles County

18   Superior Court.  On April 19, 2022, Plaintiffs filed their operative First Amended

19   Complaint ("FAC") and served it on Fastaff on April 25, 2022.  ECF 1.  Fastaff

20   timely removed this action under CAFA to this Court on May 25, 2022.  *Id.*

21        The FAC alleges eight causes of action against Fastaff: (1) Unfair Competition

22   (Bus. & Prof. Code §§ 17200, *et seq.*) ("UCL"); (2) Failure to Pay Minimum Wages

23   (Labor Code §§ 1194, 1197, and 1197.1); (3) Failure to Pay Overtime Wages (Labor

24   Code § 510); (4) Failure to Provide Meal Periods (Labor Code §§ 226.7 and 512);

25   (5) Failure to Provide Rest Periods (Labor Code § 226.7); (6) Failure to Provide

26   Accurate Itemized Statements (Labor Code § 226); (7) Failure to Reimburse for

27   Required Expenses (Labor Code § 2802); and (8) Failure to Provide Wages When

28   Due (Labor Code §§ 201-203).  Plaintiffs assert the UCL claim on behalf of a

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

putative "CALIFORNIA CLASS" defined as all non-exempt California employees of Fastaff since March 2, 2018. *See id.* ¶ 27. Plaintiffs assert the remaining claims on behalf of a putative "CALIFORNIA LABOR SUB-CLASS" defined as all non-exempt California employees of Fastaff since March 2, 2019. *See id.* ¶ 37.

> Thompson only alleges the following about her own employment:

> Plaintiff Thompson was employed by DEFENDANT in California from August of 2021 to October of 2021 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked. *Id.* ¶ 3.

Pankey makes the identical bare allegation except alleges that she was employed from September to December 2021. The FAC does not plead any other facts about Plaintiffs, such as where they worked, what positions they held, or what duties they performed. Nor does the FAC plead factual material to support a plausible inference of any Labor Code violation; instead, it merely recites various legal requirements and a string of conclusions that Fastaff has committed violations, such as, "DEFENDANT required PLAINTIFFS to work while clocked out during what is supposed to be PLAINTIFFS' off-duty meal break. PLAINTIFFS were from time to time interrupted by work assignments while clocked out for what should be PLAINTIFFS' off-duty meal break" and "PLAINTIFFS and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break." *Id.* ¶¶ 8, 11. However, Plaintiffs do not allege any specific facts concerning these "from time to time" alleged "work assignment" interruptions of their meal breaks or work ordered by Fastaff, starting with the failure to even allege what work Plaintiffs performed during these times. Nor do they allege any dates or work locations where the alleged interruptions occurred, which, if any, Fastaff employees required them to work off-the-clock, or what work assignments

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

DB2/ 43286079.5

1  interrupted or prevented their meal break.

2      The FAC also makes the factually-bereft allegation that "PLAINTIFFS and

3  other CALIFORNIA CLASS Members also worked off the clock with respect to

4  time spent undergoing mandatory drug testing or any other testing and/or

5  examination required as a condition of employment." *Id.*  The FAC does not identify

6  when, where, or for what purpose any alleged mandatory drug testing occurred off

7  the clock, or provide any facts concerning any required off the clock "other testing

8  and/or examination."

9      Plaintiffs also allege that they and the other putative "CALIFORNIA CLASS"

10  members were denied the ability to take meal and rest breaks "[a]s a result of their

11  rigorous work schedules." *Id.* ¶¶ 11, 92, 96.  Notably, the FAC fails to identify the

12  date or location of a single specific meal or rest break that was allegedly denied,

13  much less why or by whom.

14      The FAC further alleges that "DEFENDANT, as a matter of established

15  company policy and procedure, administers a uniform practice of rounding the actual

16  time worked and recorded by PLAINTIFFS and CALIFORNIA CLASS Members . .

17  . " *Id.* ¶ 8.  This boilerplate rounding claim is not supported by any factual

18  allegations identifying when, where, or how Fastaff's alleged "rounding" practice

19  occurred.

20      Plaintiffs then make the vague and conclusory allegation that Fastaff's "non-

21  discretionary incentive program provided all employees paid on an hourly basis with

22  incentive compensation when the employees met the various performance goals set

23  by DEFENDANT," and that Fastaff failed to include this "incentive compensation"

24  in calculating the regular rate of pay for overtime and meal and rest break premiums

25  for Plaintiffs "and other CALIFORNIA CLASS Members." *Id.* ¶ 10.  Again, the

26  FAC does not contain *any* factual allegations regarding this alleged incentive

27  program—such as when it existed, when (or if) either plaintiff received any incentive

28  compensation based on performance goals, or a specific workweek in which Fastaff

DB2/ 43286079.5

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

1   failed to include such incentive compensation in calculating the regular rate of pay.

2   The FAC similarly alleges that "DEFENDANT underpaid sick pay wages to

3   PLAINTIFFS and other CALIFORNIA CLASS Members by failing to pay such

4   wages at the regular rate of pay" that included "non-discretionary remuneration"

5   allegedly earned by Plaintiffs and others. *Id.* ¶ 17. As with their generic regular rate

6   claim, Plaintiffs fail to allege any supporting facts for these conclusory allegations.

7   Lastly, Plaintiffs allege that they and the other putative "CALIFORNIA

8   CLASS Members" were "required by DEFENDANT to use their own personal

9   cellular phones as a result of and in furtherance of their job duties as employees for

10   DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost

11   associated with the use of their personal cellular phones for DEFENDANT's

12   benefit." *Id.* ¶ 23. As with all other claims, the FAC does not allege any facts as to

13   when, where, or why "in furtherance of their job duties" Fastaff required Plaintiffs

14   or any other employees to use their personal cellular phones.

15   For the reasons explained below, none of these claims satisfy federal pleading

16   standards and the Court should grant Fastaff's motion to dismiss the FAC.

17   ## III.   LEGAL STANDARDS

18   ### A.   Rule 12(b)(6) Motion to Dismiss a Wage and Hour Claim

19   A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the

20   claims asserted in a complaint. To survive a Rule 12(b)(6) motion to dismiss, a

21   complaint must articulate "enough facts to state a claim to relief that is plausible on

22   its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

23   "plausibility standard is not akin to a 'probability requirement,' but it asks for more

24   than a sheer possibility that a defendant has acted unlawfully" or "facts that are

25   'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal,* 556 U.S. 662,

26   678 (2009) (quoting *Twombly*, 550 U.S. at 556-57). A complaint must contain

27   "more than labels and conclusions" or "a formulaic recitation of the elements of a

28   cause of action." *Twombly*, 550 U.S. at 555; *Moss v. U.S. Secret Serv.*, 572 F.3d

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

DB2/ 43286079.5

1   962, 969 (9th Cir. 2009).  Therefore, as was true even before *Twombly/Iqbal*, the
2   Court may not "assume the truth of legal conclusions merely because they are cast in
3   the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th
4   Cir. 1981).

5       The determinative issue is whether the pleading "contain[s] sufficient
6   allegations of underlying facts to give fair notice and to enable the opposing party to
7   defend itself effectively," such that "it is not unfair to require the opposing party to
8   be subjected to the expense of discovery and continued litigation." *Starr v. Baca*,
9   652 F.3d 1202, 1216 (9th Cir. 2011).  Thus, under Rule 12(b)(6), dismissal is proper
10  when the complaint either (1) lacks a cognizable legal theory; or (2) fails to allege
11  sufficient facts to support a cognizable legal theory.  *Twombly*, 550 U.S. at 555;
12  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

13      In the seminal *Landers* decision*,* the Ninth Circuit articulated the controlling
14  standard governing a Rule 12(b)(6) motion to dismiss within the specific context of a
15  wage-and-hour claim.  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th
16  Cir. 2014).  Under *Landers*, a complaint pleads facts sufficient to state a wage-and-
17  hour claim that is plausible, rather than merely conceivable, only if the complaint
18  asserts facts about specific periods of time (*e.g.,* a specific workweek) when the
19  alleged wage-and-hour violation occurred.  *Id.* at 646.

20      Recently, in *Boyack v. Regis Corp.*, 812 Fed. Appx. 428 (9th Cir. 2020)
21  (unpublished), the Ninth Circuit applied the *Landers* rule to affirm the dismissal of
22  California wage-and-hour claims for unpaid minimum wages, unpaid overtime, rest
23  break violations, failure to pay wages upon termination, inaccurate wage statements,
24  and unfair business practices.  The Ninth Circuit held that dismissal was proper
25  because the complaint "fails to allege a workweek" in which these violations
26  occurred, and instead "provides only conclusory allegations reciting the statutory
27  elements." *Id.* at 431; *see also Shann v. Durham Sch. Servs., L.P.*; 182 F. Supp. 3d
28  1044, 1048 (C.D. Cal. 2016) (stating "[t]he pleading standards set forth in *Landers*

apply equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break allegations.").

In line with this precedent, the Central District routinely grants Rule 12(b)(6) motions to dismiss when the complaint fails to specify facts creating a plausible inference that the employer committed the alleged wage-and-hour violations.  *See*, *e.g.*, *Wood v. N. Am. Van Lines, Inc.*, 2021 WL 3134203, at *9 (C.D. Cal. July 23, 2021) (applying *Landers* and dismissing California Labor Code claims for lack of sufficient factual allegations); *Leitzbach v. Atlas Van Lines, Inc.*, 2017 WL 11617904, at * (C.D. Cal. Feb. 22, 2017) (granting 12(b)(6) motion due to insufficient facts to support California Labor Code claims for meal and rest periods, minimum and overtime wages, wage statements, and unreimbursed business expenses); *Fenton v. McLane/Suneast, Inc.*, 2016 WL 11746002, at *2-3 (C.D. Cal. Aug. 22, 2016 (Wilson, J.) (dismissing California Labor Code overtime claim under *Landers* because the complaint lacked any allegation of a specific workweek in which the plaintiff worked overtime).

The Central District also routinely dismisses wage-and-hour claims that generically plead only that an employer "regularly" or "regularly and consistently" committed a Labor Code violation.  *Zamora v. Penske Truck Leasing Co., L.P.*, 2020 WL 4748460, at *6 (C.D. Cal. Aug. 17, 2020) dismissing overtime, minimum wage, and meal and rest period claims based only on conclusory allegations).  Here, the FAC is even more deficient as it repeatedly uses the phrase "from time to time" without alleging any specific "time" when a violation occurred.

### B.   Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) allows parties to move to strike "any redundant, immaterial, impertinent, or scandalous matter."  The purpose of such a motion is to avoid spending time and money litigating spurious issues.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994).  Under Rule 12(f), a defendant may move to strike language

DB2/ 43286079.5

seeking relief that is not recoverable as a matter of law.  *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (citing *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974)). Under "Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009).  For class action allegations to survive the pleading stage, the complaint must plead facts sufficient "to justify the action's proceeding as a class action" under Rule 23.  *Shann*, 182 F. Supp. 3d at 1048 (dismissing class claims lacking "substantive allegations"); *see also Byrd v. Masonrite Corp.*, 2016 WL 756523, at *4 (C.D. Cal. Feb. 26, 2016) (dismissing class allegations where plaintiff failed to allege facts to support finding that employer had "statewide policies or practices giving rise to [plaintiff's] causes of action" or that "member[s] of the putative class had similar work experiences"); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4, 8-10 (striking class allegations  due to lack of commonality and noting that "[i]t is . . . appropriate to strike class allegations prior to discovery where the allegations make it obvious that classwide relief is not available.").

Class allegations "must at least be plausible" or else they are properly subject to a motion to strike.  *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (holding that "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

## IV.   ARGUMENT

### A.   Plaintiffs' FAC Fails to Plead Sufficient Facts to State a Plausible Claim for Unpaid Minimum and Overtime Wages

The Court should dismiss Plaintiffs' claims for minimum wage and overtime

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

1   violations because the FAC does not contain any non-conclusory factual allegations

2   to support an inference of a plausible claim for relief.  In *Landers*, the Ninth Circuit

3   established that a district court must dismiss an overtime claim if the complaint does

4   not allege facts establishing that there was "at least one workweek when [the

5   plaintiff] worked in excess of forty hours and was not paid for the excess hours in

6   that workweek, or was not paid minimum wages."  *Landers*, 771 F.3d at 646.

7       Plaintiffs' FAC offers generic allegations of off-the-clock work including that

8   Fastaff allegedly did not pay them during unspecified meal periods or for time

9   undergoing mandatory drug testing and other unidentified testing "as a condition of

10  employment." FAC ¶ 8.  Plaintiffs also allege that Fastaff illegally "rounded" their

11  work time and failed to properly pay the "regular rate" based on incentive pay.  *Id.*

12  However, the FAC does not plead any actual facts that provide "fair notice" as to

13  basis for *any* of these alleged instances of unpaid wages.

14      Regarding their minimum wage claim, nowhere in the FAC do Plaintiffs

15  allege *facts* to "make it plausible that there was at least one occasion" in which they

16  made less than the minimum wage—nor do they allege *any* facts raising a plausible

17  inference that they made less than the minimum wage for all hours worked in any

18  particular workweek.  *See Sanchez v. Sams West, Inc.*, 2021 WL 8531592, at *2

19  (C.D. Cal. Dec. 23, 2021) (Wilson, J.).[2]  The Court should dismiss the minimum

20  wage claim on this basis.  *Boyack*, 812 Fed. Appx. at 430 (affirming dismissal of

21  California unpaid minimum wage claim for which the complaint failed to plausibly

22  allege that the plaintiff "received less than minimum wages for all hours worked");

23

24  [2] The allegations in the FAC are markedly different from the allegations in *Sanchez*. In that case, the plaintiff alleged the following facts about off-the-clock work time:

25  he worked multiple closing shifts per week and, on each closing shift, he had to wait five to twenty minutes after clocking out for managers to finish store closing

26  procedures consisting of counting register tills, inspecting the store, checking employees' bags, and securing the premises before he was permitted to leave.  *See*

27  *Sanchez*, 2021 WL 8531592, at *1, 3.  The court there noted that these factual allegations identified the actual work tasks for which the plaintiff was not paid.  *Id.*

28  at *3.  In contrast, Plaintiffs' FAC does not identify any work tasks they allegedly performed off the clock resulting in the underpayment of wages.

1   *Cortez v. United Nat. Foods, Inc.*, 2019 WL 955001, at *12 (N.D. Cal. Feb. 27,

2   2019) (dismissing unpaid minimum wage claim and emphasizing that "Plaintiff

3   provides no facts about his work duties, his hours worked, or any other details

4   relevant to the number of hours he worked at any time or in any week").  And to the

5   extent (the FAC is so lacking in facts that one cannot tell) Plaintiffs base their

6   minimum wage claim on the theory that Fastaff should have compensated them and

7   the putative class members for time spent undergoing pre-employment drug tests and

8   other unspecified pre-employment examinations "as a condition of employment,"

9   such a claim fails as a matter of law.  *See Johnson v. WinCo Foods*, --- F.4th ----,

10   2022 WL 2112792, at *5 (9th Cir. 2022) (affirming dismissal of Labor Code claims

11   predicated on pre-employment drug tests since no employment relationship existed

12   with prospective employees).

13          Plaintiffs' overtime claim fails for the same reason.  The FAC fails to identify

14   any specific instance in which (1) they worked over 40 hours in a particular week or

15   over 8 hours in a day, and (2) did not receive proper overtime compensation.  Indeed,

16   the FAC does not contain *any* factual detail about either Plaintiffs' schedule that

17   supports a plausible inference that they worked over 40 hours in a week or over 8

18   hours in a day and were denied proper overtime pay.  Therefore, the Court should

19   dismiss the overtime claim as well.  *Boyack*, 812 Fed. Appx. at 430 (affirming

20   dismissal of California unpaid overtime claims for which the complaint "fails to

21   allege a workweek in which [the plaintiffs] worked more than forty hours and were

22   not paid overtime"); *Boian v. Schneider Logistics Transloading and Distrib., Inc.*,

23   2020 WL 5356707, at *7-8 (C.D. Cal. May 28, 2020) (dismissing overtime claim

24   even where the complaint alleged a typical shift length, that pre-shift work occurred

25   and took 15 minutes, and that post-shift work occurred and took 15-30 minutes);

26   *McMillian v. Overton Sec. Servs., Inc.*, 2017 WL 4150906, at *3 (N.D. Cal. Sept. 19,

27   2017) (dismissing overtime claim because "rather than alleging a typical number of

28   hours worked, Plaintiff makes a vaguer reference to work 'in excess of eight hours a

MEMORANDUM OF POINTS AND AUTHORITIES
                                     ISO MOTIONS TO DISMISS AND STRIKE

DB2/ 43286079.5

1  day" which "do[es] not support an overtime claim").  The FAC is even vaguer as it

2  alleges "DEFENDANT's failure to pay these employees for all overtime worked,

3  including, work performed in excess of eight (8) hours in a workday, and/or twelve

4  (12) hours in a workday, and/or forty (40) hours in any workweek." FAC ¶ 76.

5  In short, Plaintiffs' FAC fails to provide any factual allegations plausibly

6  stating a claim that they performed off-the-clock for which Fastaff did not properly

7  pay them for minimum and overtime wages that Fastaff owed them.  Thus, the Court

8  must dismiss Plaintiffs' minimum wage and overtime claims.

**B.**  **The Court Should Dismiss Plaintiffs' Fourth and Fifth Causes of Action Because They Fail to Plausibly Plead a Single Meal or Rest Break Violation**

11  The Court should likewise dismiss Plaintiffs' meal and rest break claims

12  because the FAC fails to satisfy pleading requirements. *Landers* and its progeny

13  require more than a generic allegation that a defendant deprived employees of meal

14  and rest breaks.  Rather, to state a plausible meal or rest break claim, a complaint

15  must plead at least one concrete instance of a meal or rest break violation.  *Landers,*

16  771 F.3d at 646; *Boyack*, 812 Fed. Appx. at 431 (dismissing rest break claim because

17  "the plaintiffs failed to allege a single workweek in which [the employer] impeded or

18  discouraged [the plaintiffs] from taking rest breaks); *Ramirez v. C and J Well Serv.,*

19  *Inc.*, 2020 WL 5846464, at *4 (C.D. Cal. Mar. 27, 2020) (granting motion to dismiss

20  meal and rest break claims where the complaint did not allege that the employer

21  actively prevented or discouraged employees from taking breaks); *Durham v. Autism*

22  *Spectrum Therapies, LLC*, 2019 WL 10097456, at *2-3 (C.D. Cal. Oct. 31, 2019)

23  (dismissing meal and rest break claims based on allegations that the employer "failed

24  to provide" compliant meal breaks and that employees "consistently worked without

25  rest breaks"); *Dawson v. Hitco Carbon Composites, Inc.*, 2017 WL 7806358, at *2-3

26  (C.D. Cal. May 5, 2017) (dismissing meal and rest break claims because allegations

27  that the "'Plaintiff and the other class members' meal [and rest] periods were missed,

28  shortened, late, and/or were interrupted because Defendants required them to

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTIONS TO DISMISS AND STRIKE

DB2/ 43286079.5

perform work duties" were "mere conclusory allegations that reiterate the statutory standard").

Here, Plaintiffs' FAC fails to identify a single instance of Plaintiffs missing a meal or rest break due to Fastaff's conduct.  Plaintiffs vaguely allege that "from time to time" Fastaff "failed to provide all the legally required off-duty meal breaks" to Plaintiffs and the putative class members, sometimes due to interruptions from work assignments during off-duty meal breaks.  FAC ¶¶ 8, 92.  They similarly allege that "from time to time" they and the putative class members were "required to work in excess of four (4) hours without being provided ten (10) minute rest periods." *Id.* ¶ 96.  These generic allegations are insufficient to state a claim.  *See Suarez v. Bank of Am. Corp.*, 2018 WL 2431473, at *6 (N.D. Cal. May 30, 2018) (dismissing meal and rest break claims because "the Complaint does not identify who interrupted Plaintiff's breaks. . . . Plaintiff also does not offer any details as to what these interruptions entailed, nor does she describe what kind of work or tasks she performed during her breaks"); *Johnson v. Winco Foods, LLC*, 2018 WL 6017012, at *10-11 (C.D. Cal. Apr. 2, 2018) (dismissing meal period and rest period claims based on conclusory allegations of unspecified meal and rest break interruptions); *Dawson*, 2017 WL 7806358, at *2-3 (dismissing factually meal and rest break claims asserting without facts that the employer required employees to miss meal and rest breaks and failed to provide compliant breaks).

Thus, the Court should dismiss Plaintiffs' meal and rest break claims.

### C.   The Court Should Dismiss Plaintiffs' Sixth Cause of Action for Wage Statement Violations

Plaintiffs assert a claim for failure to provide accurate wage statements based on the factually-bereft allegation that Fastaff "[f]rom time to time . . .  failed to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things,

the correct gross and net wages earned," and "all applicable hourly rates during the
pay period and the total hours worked." FAC ¶ 14.  These conclusory allegations are
insufficient to state a wage statement claim under the *Landers* standard.  *Boyack*, 812
Fed. Appx. at 431 (applying *Landers* and affirming dismissal of wage statement
claim for which the complaint "provide[d] only conclusory allegations reciting the
statutory elements").

Furthermore, the Court should dismiss Plaintiffs' wage statement claim
because they have failed to allege a cognizable injury that resulted from Fastaff's
purported wage statement violations, which is an element of a Labor Code section
226 wage statement claim.  *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1143
(2011) (finding that an employee seeking to recover for wage statement violations
must "demonstrate[ ] an injury arising from the missing information").  Without any
allegation plausibly demonstrating how Fastaff's alleged wage statement violations
caused them injury, Plaintiffs' FAC fails to state a claim for wage statement
violations.  *Apodaca v. Costco Wholesale Corp.*, 675 Fed. Appx. 663, 665 (9th Cir.
2017) (unpublished) ("To establish a section 226 claim, the plaintiff must
demonstrate both a violation of subsection 226(a) and an injury under subsection
226(e).").  Injury only occurs if the employer fails to provide a wage statement at all
– which the FAC does not allege – or the employer fails to provide a wage statement
with complete and accurate information *and* the employee cannot promptly and
easily determine from the wage statement the wages paid during the pay period or
other information required under Labor Code section 226(a).  *Maldonado v. Epsilon
Plastics, Inc.*, 22 Cal. App. 5th 1308, 1337 (2018) (concluding that "hours worked"
must be "absen[t]" for injury under Section 226(e)(2)(B)); *Avina*, 2018 WL 6844713,
at *5 (dismissing wage statement claim for lack of factual allegations regarding
injury).

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

1

**D.     The Court Should Dismiss Plaintiffs' Claim for Waiting Time Penalties**

2

3        The FAC alleges that Fastaff is liable to Plaintiffs and the putative class

4   members for failure to timely pay wages upon termination.  FAC ¶ 20.  This claim

5   fails for the same reasons as the other wage-and-hour claims—namely, Plaintiffs

6   have not pleaded facts about any failure to pay them wages that move their

7   allegations across the line that separates the merely conceivable from the plausible.

8   The FAC alleges only the conclusion that Fastaff "regularly failed to pay members of

9   the CALIFORNIA CLASS their correct wages and accordingly owe waiting time

10  penalties pursuant to Cal. Lab. Code Section 203."  *Id.*  The FAC also merely parrots

11  the legal standard in alleging that Defendant's conduct "was willful, intentional and

12  not in good faith, " but does not plead any facts to raise a plausible claim of

13  willfulness by Defendant.  Without the requisite factual detail regarding Fastaff's

14  alleged failure to pay compensation that Plaintiffs or any other putative class

15  members were owed upon separation and that the failure was *willful*, the Court

16  should dismiss this claim under the *Landers* standard.  *Boyack*, 812 Fed. Appx. at

17  431 (9th Cir. 2020) (applying *Landers* to affirm dismissal of a claim for "failure to

18  pay wages owed upon termination" because the complaint "provides only conclusory

19  allegations reciting the statutory elements" of that claim); *Durham*, 2019 W:

20  10097456, at *4 (C.D. Cal. Oct. 31, 2019) (dismissing waiting time penalty claim

21  because the "conclusory allegations are not sufficient to show that Defendant owed

22  Plaintiff wages at the time of termination."); *Suarez*, 2018 WL 2431473, at *9

23  (dismissing waiting time penalty claim because "[m]erely alleging willfulness is

24  insufficient to satisfy Rule 8; rather Plaintiff must support that allegation with

25  facts."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1033

26  (C.D. Cal. 2017) (dismissing "causes of action for failure to pay wages timely upon

27  discharge and during employment [where complaint] contain[ed] no description of

28  what wages were due, when they were due, and when, if at all, they were paid");

1  *Perez v. Performance Food Grp., Inc.*, 2016 WL 1161508, at *5 (N.D. Cal. Mar. 23,

2  2016) (dismissing waiting time penalties claim, noting that "Plaintiff's allegations…

3  fail[] to allege specific facts showing a willful refusal to pay wages after Plaintiff's

4  termination").

5          Plaintiffs also appear to base their waiting time penalty claim on the allegation

6  that Fastaff failed to pay sick pay at the regular rate of pay and thus did not pay

7  unspecified class members compensation they were owed at separation.  FAC ¶¶ 17,

8  19, 20.  However, Plaintiffs have not even pleaded any factual allegations

9  establishing that they were entitled to sick pay and took sick leave required to be

10  paid at the regular rate by Cal. Labor Code section 246.  *See, e.g.*, *Colopy v. Uber*

11  *Techs. Inc.*, 2020 WL 3544982, at *3 (N.D. Cal. June 30, 2020) (dismissing claims

12  based on sick pay violations and reasoning that the "pleadings do not indicate that

13  Plaintiffs would have qualified for paid sick leave under Section 246 and/or the local

14  ordinances").  And as discussed above the Court should also dismiss this claim for

15  waiting time penalties because there are no facts supporting the underlying allegation

16  that Fastaff paid performance bonuses to Plaintiffs but failed to properly include

17  such incentive compensation in the regular rate of pay when paying sick leave.  *See,*

18  *e.g.*, *Kabasele v. Ulta Salon, Cosms. & Fragrance, Inc.*, 2022 WL 229856, at *3

19  (E.D. Cal. Jan. 26, 2022) (dismissing claims based on regular rate of pay and

20  reasoning that "the SAC provides no details about . . .  which bonuses, commissions,

21  and other items of compensation were given to plaintiff that should have been

22  included in the rate of pay").

23          The Court should dismiss Plaintiffs' waiting time penalty claim.

24  **E.     The Court Should Dismiss Plaintiffs' Seventh Claim for Failure to Reimburse Expenses**

25

26          Plaintiffs base their claim for failure to reimburse business expenses solely on

27  the allegation that Fastaff required them and other putative class members "to use

28  their own personal cellular phones as a result of and in furtherance of their job duties

as employees."  FAC ¶ 23.  Nowhere is there any factual detail alleged as to what job duties required the use of their cell phones, or when, where, or who at Fastaff required Plaintiffs to do so or that they actually incurred necessary business expenses.  Without such factual allegations, the Court should dismiss this claim. *See, e.g.*, *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1078 (9th Cir. 2020) (dismissing cellphone expense reimbursement claim and emphasizing absence of "specific, non-conclusory facts about how she made the calls or what costs she incurred").  In *Sprewell v. Fed. Express Corp.*, 2021 WL 4706983 (C.D. Cal. Aug. 5, 2021) (Wilson, J.), the district court dismissed an expense reimbursement claim, finding that "Plaintiff must still allege specific, nonconclusory facts demonstrating that [the expense] was necessary to perform his job" to survive a motion to dismiss.  *Id.* at *1. Critical to any liability inquiry for an expense reimbursement claim under Labor Code section 2802 is whether the expenses were reasonable and necessary: "Whether expenses are necessary 'depends on the reasonableness of the employee's choices.'" *Id.* (quoting *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 568 (2007)).  In *Sprewell*, this Court noted that "[t]hat inquiry is frustrated when a pleading contains no specific facts about the employee's own choices and the surrounding circumstances."  *Id.*  Accordingly, this Court dismissed the plaintiff's expense reimbursement claim in *Sprewell* and it should also dismiss Plaintiffs' expense reimbursement claim here.

> **F.     The Court Should Dismiss Plaintiffs' First Claim for Violation of the Unfair Competition Law Because The FAC Does Not Plead, and Cannot Plead, that They Lack an Adequate Remedy at Law**

Plaintiffs' UCL claim is derivative of their Labor Code claims.  FAC ¶¶ 46-60. Under the UCL, Plaintiffs seek "such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired," including "earned but unpaid wages for all time worked."  *Id.*, ¶¶ 56-59.  As with their other claims, the derivative UCL claim is deficient because the FAC does not plausibly allege sufficient factual detail to establish the claims upon which the UCL claim is based.

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

Even if Plaintiffs had pled sufficient facts as to one or more underlying claims, the UCL claim is deficient as a matter of established law for an independent reason. The UCL provides only equitable remedies in private actions. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (stating UCL actions are equitable in nature and prevailing plaintiffs are "limited to injunctive relief and restitution."). When a state law claim for equitable relief is before a federal court, "'[t]he necessary prerequisite' for a court to award equitable remedies is 'the absence of an adequate remedy at law.'" *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020) (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962)).

In *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020), the Ninth Circuit decided whether a federal court sitting in diversity can award equitable restitution under state law if an adequate legal remedy exists. In holding that it could not, the Ninth Circuit ruled that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Id.* at 844. Fastaff anticipates that Plaintiffs may rely on *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163 (2000) for the proposition that *as a matter of state law*, an employee may simultaneously maintain UCL and Labor Code claims. However, the outcome in *Sonner* is dictated by the equitable authority of the federal courts. *See id.* at 840 (discussing equitable remedies in diversity cases and traditional scope of equity tracing back to the English Court of Chancery). As *Sonner* conclusively stated, "we hold that a federal court must apply traditional equitable principles before awarding restitution under the UCL" and that "it has been a fundamental principle for well over a century that *state law* cannot expand or limit a federal court's equitable authority." *Id.* at 841 (emphasis added).

This Court and other courts dismiss UCL claims where the complaint only contains a conclusory allegation that the plaintiff lacks an adequate legal remedy, especially when that allegation is contradicted by the relief sought in the complaint. *See In re ZF-TRW Airbag Control Units Prods. Liability Litig.*, 2022 WL 522484, at

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

1   *72 (C.D. Cal. Feb. 9, 2022) (dismissing UCL claim based on "insufficient"

2   "conclusory allegation" that "'Plaintiffs and Class members do not have an adequate

3   remedy at law.'"); *Elizabeth M. Byrnes, Inc. v. Fountainhead Com. Cap., LLC*, 2021

4   WL 5507225, at *5 (C.D. Cal. Nov. 24, 2021) (dismissing UCL claim under *Sonner*

5   because the complaint failed to "demonstrate the inadequacy of a legal remedy").

6       Here, the Court should dismiss Plaintiffs' UCL claim because they have not

7   pleaded, and cannot plead, actual facts demonstrating that they lack an adequate

8   remedy at law.  Although they state their factually bare conclusion that they and the

9   putative class members lack an adequate remedy at law (*see* FAC ¶ 60), their Labor

10   Code claims provide an adequate legal remedy in the form of monetary damages and

11   penalties.  Plaintiffs expressly seek damages for the alleged Labor Code violations

12   that form the bases of their demand for restitution under the UCL, and they do not

13   allege facts that those damages are inadequate.  *Cf.* FAC ¶¶ 46-60 *with* FAC ¶¶ 61-

14   114; *see also* Prayer for Relief 2(B)-(G).  Under their UCL claim, Plaintiffs

15   expressly seek to recover "all wages and all sums unlawfuly (sic) withheld from

16   compensation due to PLAINTIFFS and the other members of the CALIFORNIA

17   CLASS." Prayer for Relief 1(C).  This is the same relief Plaintiffs seek under their

18   defective Labor Code claims.  Therefore, Plaintiffs' own allegations show that the

19   Labor Code provides an adequate legal remedy for each of their wage-and-hour

20   claims, requiring dismissal of their UCL claim.  *Sonner*, 962 F.3d at 1081.

21       This Court recently dismissed a UCL claim pursuant to *Sonner* where the

22   plaintiff "failed to offer any allegation whatsoever as to ***why*** his remedies at law

23   would be inadequate ***given that he can recover the same sum of unpaid wages in***

24   ***legal damages as he could in equitable restitution***."  *Sanchez*, 2021 WL 8531592, at

25   *4 (Wilson, J.) (emphasis added). Other district courts in California have repeatedly

26   dismissed UCL claims under *Sonner* in wage-and-hour actions under California

27   substantive law.  *See, e.g., Mish v. Fastaff, Inc.*, 2021 WL 4592124, at *7 (N.D. Cal.

28   Oct. 6, 2021) (dismissing UCL claim derivative of wage-and-hour claims because

1    "the UCL as relief for underlying Labor Code violations fails to state a claim

2    because it does not sufficiently allege an inadequate legal remedy"); *Alvarado v.*

3    *Wal-mart Assocs., Inc.*, 2020 WL 6526372, at *4 (C.D. Cal. Aug. 7, 2020)

4    (dismissing UCL claim derivative of wage-and-hour claims where the plaintiff

5    "seeks as restitution for her UCL claim the same amount as the damages she seeks

6    for the Labor Code violations based on the same harm"); *Martinez v. Hub Grp.*

7    *Trucking, Inc.*, 2021 WL 937671, at *8 (C.D. Cal. Jan. 11, 2021) (dismissing UCL

8    claim derivative of wage-and-hour claims because the complaint "does not establish

9    that Plaintiff does not have an adequate remedy at law").

10        In cases like this one, in which it is clear that the defective claim "could not be

11   saved by amendment," it is proper for the Court to dismiss the claim without leave to

12   amend.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008); *Reddy v.*

13   *Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (finding that an "amended

14   complaint may only allege other facts consistent with the challenged pleading").  In

15   *Franckowiak v. Scenario Cockram USA, Inc.*, 2020 WL 9071697 (C.D. Cal. Nov. 30,

16   2020), a virtually identical case to this one, the District Court dismissed with

17   prejudice the plaintiff's UCL claim that was derivative of his Labor Code claims.  *Id.*

18   at *3.  The Court reasoned that

19       Plaintiff has not, and cannot, successfully allege that his legal
         remedies are inadequate ***because his claims for restitution and***
20       ***injunctive relief are premised on the allegedly unpaid wages (i.e., a***
         ***legal remedy)***.  Indeed, it is well established that the California Labor
21       Code provides legal damages to fully compensate workers for unpaid
         wages. *See, e.g.*, *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 89 (2020)
22       (describing Labor Code's "exclusive" remedial scheme).
23
24   *Id.* (emphasis added).

25       It is clear from Plaintiffs' FAC that there are no circumstances in which they

26   could allege that they lack an adequate legal remedy, given that they *assert an*

27   *adequate legal remedy* in the form of Labor Code damages that would fully

28   compensate them for any alleged harm.  Accordingly, this Court should follow  the

multiple District Courts that have dismissed UCL claims without leave to amend on this basis. *Id.* (dismissing UCL claim without leave to amend); *Alvarado*, 2020 WL 6532868, at *3 (dismissing UCL claim derivative of Labor Code claims with prejudice because the plaintiff could not show "that she lacks an adequate remedy at law for the wage and hour violations"); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (dismissing UCL claim without leave to amend after finding "that the availability of an adequate legal remedy is clear from the face of the [operative complaint] and thus further amendment of the complaint would be futile").

**G.   This Court Should Dismiss or Strike Plaintiffs' Class Claims Because They Plead No Factual Allegations That Plausibly Suggest They Are Similarly Situated to Others**

Class claims "must be supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted." *Jue v. Costco Wholesale Corp.*, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010). To adequately assert class allegations in line with the *Twombly*/*Iqbal* standard, a plaintiff must allege *facts* that would plausibly suggest that members of the putative class are subjected to the same specific policies or had sufficiently similar work experiences; conclusory allegations that a defendant has a policy and practice of violating California law are insufficient. *Bush*, 2018 WL 2047807, at *7 (dismissing class claims and holding that "[u]nder *Twombly* and *Iqbal*, [the plaintiff] must do more than conclude that Defendants have a policy and practice to violate California labor laws").

In *Mish*, the district court dismissed the class claims because the plaintiff "fail[ed] to articulate any basis" that her class claims "appl[ied] equally or similarly to 'every employee at every facility in' California." *Mish*, 2021 WL 4592124, at *9. In support of its conclusion that the plaintiff "fails to provide any basis to infer that her experience is typical for *every employee* [in] California," the district court emphasized that the plaintiff fails to provide any detail about "which worksite she

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

worked at, in which city, how many people worked at her worksite, whether he her (sic) role was similar or different to those of others employed by [the defendant], whether her worksite was typical of other [of defendant's] worksites, nor how many worksites [defendant] has in California." *Id.* (emphasis in original).

Here, the Court should dismiss the class claims in Plaintiffs' FAC because they suffer from precisely the same pleading defects. Plaintiffs purport to bring their UCL claim on behalf of a putative class of all non-exempt employees of Fastaff in California since March 2, 2018, and they purport to bring their remaining claims on behalf of a putative subclass of all non-exempt employees of Fastaff in California since March 2, 2019. FAC ¶¶ 27, 37.

However, Plaintiffs' FAC does not allege *any* detail whatsoever about Plaintiffs' worksite, or even identify where they worked. And no facts at all are pled about employees other than Plaintiffs. Instead, the FAC offers only conclusory allegations that Fastaff committed alleged wage and hour violations "as a matter of company policy," "practice," and/or "procedure." *See, e.g.*, *id.* ¶¶ 50-52, 72, 88, 105. Nowhere are there any factual allegations of actual policies or practices that led to these alleged violations, where they occurred, or how any alleged unlawful policies, practices or procedures could have been applied equally or similarly to the broadly defined putative class they purport to represent. And, contradicting any possible theory of commonality or predominance, throughout the FAC Plaintiffs do not allege that violations occurred systemically on a class-wide basis, but rather allege that violations only occurred "from time to time." *See, e.g.*, *id.* ¶¶ 92, 96, 101.

Plaintiffs' allegations do not even identify where they worked for Fastaff, much less whether their worksite employed the same policies and practices as other worksites, and if so the facts supporting that conclusion. Without these factual allegations, Plaintiffs' claims should be dismissed for failing to meet the *Twombly*/*Iqbal* standard. *See, e.g.*, *Mish*, 2021 WL 4592124, at *9 (dismissing wage-and-hour class claims due to lacking "sufficient factual content to enable the

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

Court to make a reasonable inference that Defendants are liable" on a class-wide basis) (internal quotations omitted); *Bush v. Vaco Tech. Servs., LLC*, 2019 WL 3290654, at *5 (N.D. Cal. July 22, 2019) (dismissing class claims and finding that "[w]ithout a single non-conclusory, factual allegation about these potential class members, Plaintiff has not plausibly alleged that any of these employees experienced the same alleged violations as Plaintiff"); *Bush*, 2018 WL 2047807, at *7 (dismissing class claims because the complaint "is completely devoid of any allegations tying Bush's experience to the thousands of individuals" in the putative class)[3]; *Alvarado*, 2020 WL 6526372, at *3 (dismissing class claims and finding that the plaintiff "must at least plausibly allege that the asserted claims might apply to others in the putative class").[4]

In sum, this Court should dismiss these class claims rather than force Fastaff to face potentially broad class discovery on the paltry basis of the FAC's generic and

---

[3] There are at least 2,002 putative class members in the purported CALIFORNIA CLASS as defined by Plaintiffs' FAC.  *See* ECF 1 at ¶ 26 (Notice of Removal).

[4] *See also, e.g.*, *Byrd*, 2016 WL 756523, at *4 (dismissing class claims where "Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences" or to "show[ ] that Defendants had statewide policies or practices giving rise to Plaintiff's causes of action"); *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 2015 WL 12912337, at *4 (C.D. Cal. Mar. 16, 2015) (noting that "Courts in this district, in reviewing motions to dismiss class action complaints, have applied the *Iqbal/Twombly* standard to class claims" and dismissing class claims because "Plaintiffs do not demonstrate Plaintiffs' knowledge of, or reasonable belief concerning, the employment practices across departments at their own work sites, let alone across other California locations"), *Mendez v. H.J. Heinz Co., L.P.*, 2012 WL 12888526, at *4 (C.D. Cal. Nov. 13, 2012) (granting motion to dismiss class allegations because the plaintiff failed to "allege facts that would plausibly suggest that members of the putative class are subjected to the same offending policies"); *Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237, at *4 (C.D. Cal. May 7, 2012) (dismissing class claims where "Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences" or to "show[ ] that Defendants had any statewide policies or practices giving rise to Plaintiff's causes of action").

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

DB2/ 43286079.5

1   conclusory class allegations.  *Flores*, 2015 WL 12912337, at *4 (finding the court
2   "troubled by the possibility" that "if a class action complaint could survive a motion
3   to dismiss based merely on the need for class discovery, then many, if not all, class
4   action complaints would have expansive class allegations and definitions to permit a
5   fishing expedition during discovery").

6          In the alternative, the Court should strike the class allegations for similar
7   reasons.  The class allegations do not contain *any* facts establishing a plausible basis
8   that Plaintiffs' alleged experiences are representative of the entire putative class of
9   non-exempt Fastaff employees in California.  They do not allege any specific Fastaff
10  policies that applied across either of their putative classes.  As the FAC does not
11  plead any facts to make a *prima facie* showing that the Rule 23 requirements of
12  commonality, typicality, predominance, and manageability can be met for their
13  putative class or subclass, a class action under the FAC cannot be maintained, and
14  these conclusory class allegations should be stricken at the pleading stage.  *Dodd-*
15  *Owens v. Kyphon, Inc.*, 2007 WL 3010560, at *4 (N.D. Cal. Oct. 12, 2007) (granting
16  motion to strike class allegations and finding that "[t]o proceed with their class
17  action Plaintiffs at the very least must allege some specific commonality and
18  typicality among class members"); *Bush*, 2018 WL 2047807, at *15 (holding that
19  wage-and-hour class allegations are properly stricken to the extent they are "on
20  behalf of a [] disparate class without any factual support" and are "so overly broad as
21  to invite discovery abuse").

### H.    Plaintiffs' Requests for Injunctive Relief and Non-Restitutionary Disgorgement Must Be Stricken From the FAC

24         Plaintiffs seek injunctive relief in connection with their UCL claim and appear
25  to seek injunctive relief with respect to their remaining Labor Code claims.  *See* FAC
26  ¶¶ 5, 33(b), 34(a)-(b), 43(b), 44(a), 50-51, 59, and Prayer for Relief 1(B).  However,
27  as the SAC alleges, both Plaintiffs are former employees, and so they lack standing
28  to seek injunctive relief.  Plaintiffs also seek non-restitutionary disgorgement, which

they wrongly style as "restitutionary disgorgement" of "ill-gotten gains."  Prayer for Relief 1(D).

In the FAC Plaintiffs specifically seek "injunctive relief" to "restrain[] DEFENDANT from engaging in any unlawful and unfair business practices in the future."  *Id.* ¶ 59; *see also id.* ¶¶ 5, 33(b), 34(a)-(b), 50-51, and Prayer for Relief 1(B).  However, the Supreme Court has clearly established that "plaintiffs no longer employed by [the employer] lack standing to seek injunctive or declaratory relief against its employment practices."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2560 (2011).  The Ninth Circuit also established that, in order to assert a claim for injunctive relief, "the plaintiff must demonstrate a real or immediate threat of an irreparable injury."  *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (finding district court erred in allowing former employee to pursue injunctive relief under Section 17200).  Former employees do not satisfy this requirement.  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (holding that the named Plaintiff in a putative class action who was "not employed by Costco throughout this case [did] not have standing to seek injunctive relief."); *Gordon v. Aerotek, Inc.*, 2017 WL 8217410, at *5-7 (C.D. Cal. Oct. 12, 2017) (granting motion to dismiss request for injunctive relief asserted under UCL claim by former employee).

Here, Plaintiffs allege they are former employees of Fastaff.  The FAC alleges that Plaintiff Thompson "*was* employed by DEFENDANT . . . from August of 2021 *to* October of 2021" and that Plaintiff Pankey "*was* employed by DEFENDANT . . . from September of 2021 *to* December of 2021." FAC ¶¶ 3 (emphasis added) (misnumbering in original).  Plaintiffs allege further that their employment terminated.  *Id.* ¶ 113.  As former employees of Fastaff, Plaintiffs no standing to pursue injunctive relief because they do not have an ongoing employment relationship with Fastaff and cannot be personally impacted by Fastaff's alleged conduct.  Because they cannot allege any facts to establish their right to injunctive

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

relief, Plaintiffs' requests for injunctive relief should be stricken.

Plaintiffs' claim for relief in the form of "restitutionary disgorgement" of "ill-gotten gains" must be stricken because, although it parrots the word "restitutionary," it is in fact a request for non-restitutionary disgorgement of profits unavailable to Plaintiffs under the UCL.  *Korea Supply Co.*, 29 Cal. 4th at 1148 ("This court has never approved of nonrestitutionary disgorgement of profits as a remedy under the UCL. . . Under the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest."); *see also Ozeran v. Jacobs*, 798 Fed. Appx. 120, 122–23 (9th Cir. 2020); *Adams v. Starbucks Corp.*, 2020 WL 4196248, at *8 (C.D. Cal. July 9, 2020).  Plaintiffs cannot demonstrate that this request is simply a standard request for restitution of monies in which they hold an ownership interest, particularly because they separately request restitution of "all wages and all sums unlawfully withheld."  *See* Prayer for Relief 1(C).

# V.    **CONCLUSION**

For the foregoing reasons, Fastaff respectfully requests an order dismissing each of Plaintiffs' causes of action pleaded in their individual capacities, dismissing or striking the allegations they make on behalf of the two putative classes, and striking the requests for injunctive relief and non-restitutionary disgorgement pleaded in the First Amended Complaint.

DATED:  July 1, 2022                     MORGAN, LEWIS & BOCKIUS LLP


                                         By:  */s/ John S. Battenfeld*
                                         John S. Battenfeld
                                         David J. Rashé

                                         Attorneys for Defendant
                                         FASTAFF, LLC

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTIONS TO DISMISS AND STRIKE

DB2/ 43286079.5