UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 8, 2022 |
|---|---|---|---|
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** **ORDER DENYING MOTION TO REMAND [15] AND GRANTING MOTION TO DISMISS AND MOTION TO STRIKE [17]**

### I.   INTRODUCTION

Before the Court is Plaintiff Angela Thompson and Plaintiff Penelope Pankeys' motion to remand the instant case, which was commenced as a class action, representing two putative classes, in the Los Angeles County Superior Court. ECF No. 1. Defendant Fastaff LLC ("Fastaff") removed this action on May 25, 2022. *Id.* Also before the Court is Fastaff's motion to dismiss the instant case. ECF No. 17.

The Court deems both motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

For the reasons discussed below, the Plaintiffs' motion to remand is DENIED, and Defendants' motion to dismiss is GRANTED.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

From August 2021 to October 2021, Plaintiff Thompson worked for Fastaff as a non-exempt employee. Compl., ¶ 3, ECF No. 1. From September 2021 to December 2021, Plaintiff Pankey worked for Fastaff as a non-exempt employee. *Id.* Plaintiffs brought this class action in Los Angeles County Superior Court on behalf of themselves and all other current and former non-exempt California employees of Fastaff on March 12, 2022. *Id.* ¶ 1.

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

Plaintiffs allege that Fastaff: 1) violated California's Unfair Competition Law, 2) failed to pay minimum wages, 3) failed to pay overtime wages, 4) failed to provide required meal periods, 5) failed to provide required rest periods, 6) failed to provide accurate itemized wage statements, 7) failed to reimburse business expenses, and 8) failed to provide wages when due. Not. Removal ¶ 2. Plaintiff alleges that these violations occurred against a putative class of all non-exempt California employees employed by Fastaff since March 2, 2018 and a putative subclass of all non-exempt California employees employed since March 2, 2019. *See* Compl., ¶ 4. Plaintiffs argue that the amount in controversy does not exceed sum of $5,000,000 but provide no specific allegations as to the amount of damages sought. *Id.* Plaintiffs request relief in the form of legal damages, an injunction against Fastaff preventing them from continuing to violate California law, and non-restitutionary disgorgement. *Id.*, Prayer for Relief.

On May 25, 2022, Fastaff removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"). Not. Removal, ECF No. 1; *see* 28 U.S.C. § 1332(d). In support of its Opposition to Plaintiffs' Motion to Remand, Fastaff submitted a declaration by Joy A. Jensen, Fastaff's Director of Payroll, stating that 1) Defendants employed 2,187 hourly, non-exempt employees in California from March 2, 2018 to May 25, 2022, 2) Fastaff employed 1,425 hourly, non-exempt employees working in California, 3) the employees' average hourly rate was $70.11 per hour; 4) that Fastaff paid some of these individuals a total of 493 California rest break premiums totaling $73,888.50, 5) that Fastaff does not maintain time records of paid rest breaks, but that the employees collectively worked a total of 89,909 discrete shifts in California between March 2, 2018 and May 25, 2022, 6) that the average hours worked per shift in California by the 2,187 travel nurses was 11.19 hours, 7) that 1,425 hourly, non-exempt travel nurses worked on temporary assignments in California on or after March 2, 2019, but have not worked on any assignments for Fastaff after October 1 2021, and 8) that these travel nurses' average base rate of pay was $66.73 per hour. Declaration of Joy A. Jensen ("Jensen Decl."), 1-4.

Fastaff estimated the amount in controversy as follows:

First, based on the assumption that each of the 2,187 employees worked 89,807 shifts during the relevant time period, 94.65% of which were longer than 8 hours, and adjusted for the paid rest period premiums, Fastaff calculated an amount in controversy for the fifth cause of action, the rest period policy violation, of $6,183,008, using an 100% violation rate. Opp'n to Mot. Remand, ECF No. 22, 12.

Second, based on the additional assumption that each of the 2,187 employees experienced a single willful underpayment of wages that remained for 30 days after termination, Fastaff calculated a total amount in controversy for eighth cause of action, the failure to provide wages where due, of

|  |  : |
|---|---|
|  | ———— |
|  | Initials of Preparer |
|  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

$4,104,000. *Id.* 18-19. For these calculations, Fastaff used the lowest hourly rate, the minimum wage of $12.00, rather than the actual average hourly rate of $66.73. *Id.* at 19.

Third, Fastaff calculated $1,026,000 in attorneys' fees, based on 25% of the amount calculated for the waiting time penalties using the lower calculation and looking to the fees awarded to Plaintiffs' counsel in a recent wage-and-hour class action. *Id.* at 20. Because the sum of these figures is over $11 million, Fastaff did not include calculations for the remaining claims. *See id.* at 26.

Plaintiffs filed their motion to remand on June 24, 2022, on the grounds that Fastaff failed to establish a $5 million amount in controversy by failing "to put forth the summary-judgment type evidence needed to support an amount in controversy of over $5 million" to support its calculations. Mot. Remand, ECF No. 15, 1. Plaintiffs also argue that Fastaff improperly calculated the amount of controversy by assuming that "100% of all shifts worked by the nonexempt employees were subject to rest period violations," and that Fastaff's attorneys' fees calculation is thus inadequate because it is based on flawed assumptions. *Id.* at 3, 10.

Additionally, Fastaff filed a 12(b)(6) motion to dismiss the Plaintiffs' complaint in its entirety for failure to state a claim upon which relief can be granted and a motion to strike Plaintiffs' class allegations and requests for injunctive relief and non-restitutionary disgorgement. ECF No. 17.

### III. MOTION TO REMAND

#### A. LEGAL STANDARD: REMOVAL

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a); *see Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (same) (internal quotation marks omitted).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

To remove an action to federal court under § 1441(a), the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

Here, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting jurisdiction under CAFA. Therefore, Defendants bear the burden of establishing that this Court has original subject matter jurisdiction over the action under CAFA.

**B. CAFA JURISDICTION**

Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity[1]. 28 U.S.C. § 1332(d)(2). The general rule is that a removing defendant's well-pleaded amount in controversy allegations "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("In determining the amount in controversy, courts first look to the complaint.").

A plaintiff may either facially or factually contest the defendant's jurisdictional allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964-65 (9th Cir. 2020). Where a plaintiff mounts a "facial attack," which accepts the allegations as true "but asserts that they 'are insufficient on their face to invoke federal jurisdiction,'" the court need only determine whether the defendant has plausibly alleged the facts necessary to support removal. *Id.* at 959, 964-65 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

Where a plaintiff mounts a "factual attack", the court must determine "by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). Unlike a "facial attack," a "factual attack" challenges the underlying

---

[1] As a threshold matter, the Court finds that there is minimal diversity among the parties. *See* 28 U.S.C. § 1332(d)(2). Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* Plaintiff Thompson is a resident of Texas. Not. Removal ¶ 10. Defendant Fastaff is a limited liability company organized under the laws of Colorado, and its primary place of business is also in Colorado. Not. Removal, ¶¶ 12-13. Because Plaintiff Thompson and Fastaff are citizens of different states, the requirement of minimal diversity is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | Angela Thompson et. al. v. Fastaff, LLC | | |

factual bases of the jurisdictional allegations. *Salter*, 974 F.3d at 964. A plaintiff need not introduce evidence of its own to mount a factual attack. *Harris*, 980 F.3d at 700. "A factual attack need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id.*

The preponderance of the evidence standard means that the "defendant must provide evidence establishing that *it is* 'more likely than not' that the amount in controversy" meets or exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (emphasis added). The defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In addition to the contents of the notice of removal, the Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Ibarra*, 775 F.3d at 1197; *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). There is no presumption against removal jurisdiction in CAFA cases. *Dart Cherokee*, 574 U.S. at 89.

### C. DISCUSSION: AMOUNT IN CONTROVERSY

Plaintiffs argue that this case should be remanded because Defendants have failed to establish that the amount in controversy exceeds $5 million. The Court disagrees.

As discussed by the Ninth Circuit, the Court notes that its inquiry turns on whether Plaintiff's attack may be deemed "facial" or "factual." *Salter*, 974 F.3d at 964-65. Plaintiff argues that Defendants did not submit sufficient proof ("summary judgment-type evidence") supporting their calculations. Plaintiff's Reply in Support of Mot. Remand, 12. This alone would amount to a facial attack. *See Salter*, 980 F.3d at 961.

But Plaintiffs also object to Fastaff's assumed violation rates and maintains that Fastaff calculates the amount in controversy by assuming that a rest-break and waiting-time violations occurred 100% of the time. Plaintiffs' Reply in Support of Mot. Remand, 2-6. By challenging the factual basis of the assumptions underlying Defendants' calculations, Plaintiffs have mounted a factual attack. *See Harris*, 980 F.3d at 700 (finding that the plaintiff mounted a factual attack where the plaintiff "contested [the defendant]'s failure to demonstrate that all members of the Hourly Employee Class worked shifts long enough to qualify for meal and rest periods."). Plaintiffs need not put forward their own evidence

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

to mount a factual attack and may do so by "making a reasoned argument" as to defendant's assumptions. *Id.*

Accordingly, this Court must determine whether Fastaff has satisfied their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $5 million.

In doing so, a defendant "may rely on reasonable assumptions." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). An assumption is reasonable when it is "founded on the allegations of the complaint," *id.* at 925, or has "some reasonable ground underlying" it. *Ibarra*, 775 F.3d at 1199. A defendant may not, however, pull assumptions "from thin air" or "establish removal jurisdiction by mere speculation and conjecture." *Id.* at 1197, 1199.

1. **Sufficiency of the Jensen Declaration**

Again, Jensen's declaration states that 1) Defendants employed 2,187 hourly, non-exempt employees in California from March 2, 2018 to May 25, 2022, 2) Fastaff employed 1,425 hourly, non-exempt employees working in California, 3) the employees' average hourly rate is $70.11 per hour 4) that Fastaff paid some of these individuals a total of 493 California rest break premiums totaling $73,888.50, 5) that Fastaff does not maintain time records of paid rest breaks, but that the employees collectively worked a total of 89,909 discrete shifts in California between March 2, 2018 and May 25, 2022, 6) that the average hours worked per shift in California by the 2,187 travel nurses was 11.19 hours, 7) that 1,425 hourly, non-exempt travel nurses worked on temporary assignments in California on or after March 2, 2019, but have not worked on any assignments for Fastaff after October 1 2021, and 8) that these travel nurses' average base rate of pay was $66.73 per hour. Jensen Decl., 1-4.

As a threshold matter, the Court's review of relevant authority shows that declarations of employees familiar with the defendant's payroll are sufficient to meet the preponderance standard where, as here, the employee provides some basis for the defendant's assumptions by testifying about the number of employees and qualifying shifts worked. *See Muniz v. Pilot Travel Centers LLC,* No. CIV. S–07–0325FCDEFB, 2007 WL 1302504, at *4–5 (E.D. Cal. May 1, 2007); *Oda*, 2015 WL 93335, at *1, 3 (finding two declarations made by a Senior Human resources Project Manager asserting familiarity with payroll records and providing data such as the relevant number of wage statements, employees, workweeks, average wage, number of terminated employees, and the typical length of employee shifts).

:
_____

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

Like in *Oda*, where a Senior Human Resources Project Manager testified via two declarations as to personal knowledge of the underlying payroll records, here, a declaration made by Fastaff's Payroll Director, provides similarly-detailed statistics as to those offered in *Oda*. *See also Muniz*, 2007 WL 1302504 at *5 ("[T]he preponderance of the evidence standard does not place a 'daunting' burden on the defendant to prove the plaintiff's claims for damages."). Fastaff thus properly relies on such a declaration.

**2. Fastaff's Alleged Rest Break Violations**

Plaintiffs' First Amendment Complaint, after alleging that plaintiffs were "from time to time," denied the requisite rest period, also states that "Defendant's policy restricted plaintiffs and other California class Members from unconstrained walks and is unlawful based on Defendant's rule which states Plaintiffs and other California class members cannot leave the work premises during their rest period." Compl. ¶ 12, ECF No. 1.

Plaintiffs appear to subsequently argue in their reply that they did not intend to allege such a uniformly-applied policy. Because the allegation is made, this Court must accept it as true, even though Plaintiffs appear to argue to the contrary in their Reply. Plaintiff's Reply in Support of Mot. Remand, 4-5; *see Ibarra*, 775 F.3d 1193.

This alleged policy barring employees from leaving the premises during their breaks is, as Fastaff points out, distinct from the act of denying workers breaks owed based on the number of hours worked on a given shift. Whether or not the employee in question was granted the break owed to them, Fastaff's alleged policy of barring employees from leaving the premises during the break was still operative. In other words, even if no plaintiff was ever denied a break, they would allegedly still be barred from leaving the work premises, amounting to what Fastaff argues means that "lawful rest periods were per se not provided" due to unlawful controls. Not. Rem. ¶ 10.

Indeed, the Court's review of relevant precedent regarding allegedly improper break policies supports such a finding: "It is not unreasonable to assume that when a company has unlawful policies and they are uniformly adopted and maintained, then the company may potentially violate the law in each and every situation where those policies are applied." *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015).

Courts have upheld 100% violation rate calculations even where the plaintiff explicitly pleads otherwise. For instance, where, as here, plaintiffs have pled violations "from time to time," in *Muniz v.*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | Angela Thompson et. al. v. Fastaff, LLC | | |

*Pilot Travel Centers LLC*, the court upheld a 100% violation rate calculation when the plaintiffs stated in their complaint that "were not always provided lawful meal periods." No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007). More generally, courts have upheld greater labor law violation rates than are alleged by the plaintiffs. *Oda v. Gucci Am., Inc.*, Nos. 2:14-cv-7468-SVW (JPRx), 2:14-cv-07469-SVW (JPRx), 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (upholding the defendant's assumption of a 50% violation rate when the defendant allegedly violated labor laws only "sometimes" via a "policy or practice of not paying additional compensation" for missed meal or rest periods).

It is likewise true that "a pattern and practice of doing something does not necessarily mean always doing something." *Ibarra*, 775 F.3d 1193, 1998-99. But unlike in *Ibarra*, where the court rejected an 100% violation rate calculation for this reason, here, as discussed above, Plaintiffs did allege a policy that apparently applied to all breaks, whether granted or not.

This case is also distinct from the situation in *Getaw v. Consolidated Disposal Service LLC*. There, this Court remanded a similar wage-and-hour class action for failure to provide sufficient evidence, because the information provided in a declaration made by the defendant's payroll employee was too general from which to calculate an estimated amount in controversy. *Getaw v. Consol. Disposal Serv. LLC*, No. 2:21-cv-06097-SVW-JPR, 2021 WL 4902465, at *4 (C.D. Cal. Oct. 20, 2021).

The instant case, however, is nevertheless also distinct from the above cases supporting a defendant's use of a 100% violation rate in calculating the amount in controversy. The Plaintiffs' complaint is unclear: though Plaintiffs do not plead specific facts about the alleged policy, the Court finds it unlikely that every employee granted a break but denied permission to leave the premises would have in fact wished to do so.

Indeed, as this Court noted in a similar wage-and-hour putative class action:

What remains unclear is how to resolve cases in the middle: For example, cases involving generalized allegations of an illegal "pattern and practice" used to support an assumed violation rate less than 100% or cases involving competing evidence offered by both parties of different types and degrees of persuasiveness. The cases venturing into this murky area are not all of one mind. *Compare Johnson v. Sunrise Sr. Living Mgmt., Inc.*, No. CV 15–02297 BRO VBKX, 2015 WL 3830291, at *6 (C.D. Cal. June 18, 2015) (rejecting amount in controversy calculations, in part, because the defendant failed to submit evidence essentially confessing liability), *with Tajonar v. Echosphere, L.L.C.*, No. 14CV2732–LAB RBB, 2015 WL 4064642, at *3–5 (S.D. Cal. July 2,

|  |  | : |
|---|---|---|
|  | Initials of Preparer | |
|  | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

2015) (quoting *Oda*, at *5 (C.D. Cal. Jan.7, 2015)) (accepting reasonable assumptions based on the complaint and generalized employment data and stating that a defendant "is not required to comb through its records to identify and calculate the exact frequency of violations"), *and Mejia*, 2015 WL 2452755, at *3–6 (C.D. Cal. May 21, 2015) (accepting reasonable assumptions based on the complaint and generalized employment data).

*Duberry v. J. Crew Grp., Inc.*, 2015 WL 4575018, at *3 (C.D. Cal. Jul. 28, 2015).

This is such a case in the middle. Because Plaintiffs' operative complaint, which suggests a policy that applied to every employee, yet which alleges related—yet distinct—violations "from time to time," the Court shall assume a 50% violation rate instead of an 100% violation rate as calculated by Fastaff. The amount-in-controversy calculation may "rely on a chain of reasoning that includes assumptions" so long as they are reasonable. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015). Based off Fastaff's calculation of a $6,183,000.8 amount in controversy for this allegation, the amount in controversy due to the break period violations may be estimated at $3,091,500.

### 3. Fastaff's Alleged Waiting Time Violations

California Labor Code section 203(a) provides that, "if an employer willfully fails to pay ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" from the date such wages were due until the date paid. But such wages "shall not continue for more than 30 days." Cal. Lab. Code § 203(a).

Fastaff's estimation of the amount in controversy regarding the waiting time penalties is reasonable. It too relies on such evidence from a person familiar with the defendant's payroll and who provides information such that the amount in controversy may be estimated through looking to the number of employees and relevant shift numbers. From the Plaintiffs' complaint, it appears to the Court that the waiting time penalties were either violated because the employees were not timely paid within 30 days after leaving Fastaff's employ or that employees were not paid the correct amount. Compl. ¶¶107-110.

The Court finds that the figures for the alleged waiting time violations derived from the Jensen Declaration are thus reasonable. Plaintiffs' complaint does not suggest that these sums were ever paid to any employee, and because Fastaff used in its calculation the minimum wage of $12 in its calculations instead of the actual average hourly wage.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | Angela Thompson et. al. v. Fastaff, LLC | | |

**4. Fastaff's Calculation of Plaintiffs' Attorneys' Fees**

Fastaff's calculation of attorneys' fees based on a similar prior case brought by Plaintiffs is reasonable. *See generally Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *compare with Bryant v. Midwest Construction Servs., Inc.*, No. No. CV 21-01588 PA (KKx), 2021 WL 4493845, at *3 (C.D. Cal. Sept. 30, 2021) (finding defendants failed to support a 25% attorneys' fee calculation when they did not analogize past cases to the instant case). But because of the reduction in the calculation of the amount in controversy regarding the alleged break time violations, the Court finds the amount in controversy estimate of Plaintiffs' potential attorneys' fees to total approximately $1.8 million, 25% of the sum of $3,091,500 and $4,104,000.

Thus, the amount in controversy exceeds $5 million as required to establish federal jurisdiction under CAFA.

**IV.    MOTION TO DISMISS AND MOTION TO STRIKE**

Because the Court has determined that this action was properly removed, the Court now turns to Fastaff's motion to dismiss the Plaintiffs' complaint in its entirety for failure to state a claim under Rule 12(b)(6).

**A.   LEGAL STANDARD: RULE 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### B. LEGAL STANDARD: 12(f) MOTION TO STRIKE

Rule 12(f) permits a court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A statement in a complaint is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded," and impertinent material means "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).

### C. APPLICATION

#### 1. Motion to Dismiss for Failure to State a Claim

Fastaff correctly argues that Plaintiffs' complaint is based on "deficient boilerplate allegations" that fail to allege facts sufficient to sustain their cause of action under California unfair competition and labor laws. Plaintiffs Thompson and Pankey, for example, allege only that they were employed by Fastaff during a certain span of months. They fail to allege facts showing what positions they held, where they worked, which unfair labor and unfair competition law violations they personally experienced, whether the policies referred to in the complaint were in writing and whether they applied to every Fastaff employee, regardless of the work location assigned to each traveling nurse, or what their precise work hours were.

Indeed, all counts in the Complaint are rife with lengthy excerpts of the California civil code: "little more than a formulaic recitation of the elements of a cause of action" followed by factually devoid allegations merely concluding that plaintiffs were, for instance, denied the requisite breaks or were paid late. As Fastaff points out, these conclusory wage-and-hour violation allegations are routinely rejected by courts under Rule 12(b)(6). *See, e.g., Duberry*, 2015 WL 4575018 at *8 ("Duberry fails to allege: (1) Duberry's own job title; (2) the particular store (or stores) at which Duberry was employed; (3) whether J. Crew's purported "uniform policy and systematic scheme of wage abuse" were written; (4) any other facts describing the circumstances and context of J. Crew's purported "uniform policy and system scheme of wage abuse.").

And as to Plaintiffs' sixth count, in addition to being devoid of facts required to state a claim,

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
|---|---|---|---|
| Title | Angela Thompson et. al. v. Fastaff, LLC | | |

should also be dismissed because it does not allege a cognizable injury as required by the California Labor Code. *Apodaca v. Costco Wholesale Corp.*, 675 Fed. Appx. 663, 665 (9th Cir. 2017).

As a result, the Court agrees that counts two through eight should be dismissed.

The Court further agrees with Fastaff that Plaintiffs have failed to adequately plead their first count, under California unfair competition law, because Plaintiffs do not state why remedies at law are inadequate. *See Sonner v. Premium Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Plaintiffs in fact seek all unpaid wages and sums unlawfully withheld from them. It is unclear to the Court why these legal damages would be inadequate to satisfy their claim. *See Sanchez v. Sam's West, Inc.*, No. 2:21-cv-05122-SVW-JC, 2021 WL 8531592, at *4 (C.D. Cal. Dec. 23, 2021) (holding that plaintiff "failed to offer any allegation whatsoever as to why his remedies at law would be inadequate given that he can recover the same sum of unpaid wages in legal damages as he could in equitable restitution" and dismissing the claim under Rule 12(b)(6)).

For these reasons, Fastaff's motion to dismiss under Rule 12(b)(6) is GRANTED.

### 2. Motion to Strike or Dismiss Plaintiff's Class Allegations

Fastaff asserts that Plaintiffs' class allegations as to the two putative classes should be stricken or dismissed. The Court agrees that these claims should be dismissed under Rule 12(b)(6).

Plaintiffs' references to class allegations in counts one through eight of the complaint are insufficient to allow the Court to "make a reasonable inference that Defendants are liable" on a class-wide basis for the claims alleged. *Deleon v. Time Warner Cable LLC*, 2009 WL 9426145, at *3 (C.D. Cal. 2009) (quoting *Iqbal*, 556 U.S. at 678). It is true that typically, "compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim," district courts have held that such allegations are appropriate for Rule 12(b)(6) dismissal where "the complaint lacks any factual allegations and reasonable inferences that establish the plausibility of class allegations." *See, e.g., Mish v. TForce Freight, Inc.*, 2021 WL 4592124, at *8 (N.D. Cal. Oct. 6, 2021).

More specifically, district courts have held that complaints pleading conclusorily that a labor law was experienced by Plaintiffs and all putative class members is appropriate for dismissal under Rule 12(b)(6). In *Mish*, for instance, the district court recently held that the plaintiffs' alleged labor law violations sought to cover all putative class members but failed to state particularly that the violations were experienced similarly or uniformly by all class members. *Id.* at *9. As a result, the court

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

dismissed the class allegations. *Id.*

The same is true here. Plaintiffs do not even state what their own positions with Fastaff were, much less the positions of all other putative class members or where the class members worked, given that the complaint does state that Fastaff facilitates the employment of traveling nurses. Plaintiffs do not state with specificity whether all class members suffered the same labor code violations. The Court is thus unable to conclude from the complaint that the alleged violations by Fastaff applied uniformly to each putative class member in the two alleged subclasses.

Thus, the class allegations are dismissed.

### 3. Motion to Strike Plaintiff's Prayer for Injunctive Relief and Non-Restitutionary Disgorgement

Fastaff argues that Plaintiffs' prayers for injunctive relief (Compl. ¶¶ 5, 34, 50-51, 59) should be stricken because Plaintiffs do not have standing to request injunctive relief given that they are no longer employed by Fastaff. Compl. ¶¶ 3, 113 (alleging that Plaintiffs' employment "has terminated" and indicating that Thompson and Pankey's employment with Fastaff ended in 2021).

The Court agrees: "plaintiffs no longer employed by [a defendant employer] lack standing to seek injunctive or declaratory relief against its employment practices." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2560 (2011). The Complaint indicates that Plaintiffs are no longer employed by Fastaff and thus lack standing to request injunctive relief. Accordingly, their request for injunctive relief must be stricken.

Fastaff further argues that Plaintiffs' prayer for non-restitutionary disgorgement should be stricken because it is not an appropriate remedy for a California unfair competition law violation (pled as restitution of "all wages and all sums unlawfully held").

The Court also agrees: "Nonrestitutionary disgorgement is not an available remedy for consumer protection cases under California law." *Adams v. Starbucks Corp.*, No. SACV 20-0025, 2020 WL 4196248, at *8 (C.D. Cal. July 9, 2020) (holding that a request for disgorgement and restoration of "all monies wrongfully obtained by Defendant as a result of the conduct as alleged herein" was improper under California unfair competition law). These allegations are accordingly stricken.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-3584-SVW-MAA | Date | September 9, 2022 |
| Title | *Angela Thompson et. al. v. Fastaff, LLC* | | |

### V.   CONCLUSION

For the foregoing reasons, Fastaff has met its burden of proving that the amount in controversy exceeds $5 million pursuant to CAFA.  *See* 28 U.S.C. § 1332(d).  Plaintiffs may not escape a reasonable estimate simply by stating in their complaint that the claims will not exceed $5 million. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).  Therefore, Plaintiffs' motion to remand is DENIED.  And for the foregoing reasons, Fastaff's motion to dismiss the entirety of the complaint under Rule 12(b)(6) is GRANTED.

**IT IS SO ORDERED.**

                                                                                             :
                                                                        _____  _____
                                                                        Initials of Preparer
                                                                                    PMC